IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERMAN KELLY, JR., #153804, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:04-CV-675-MEF |
| | ) [WO] |
| | ) |
| ARNOLD M. HOLT, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The complaint in this 42 U.S.C. § 1983 action was filed by Herman Kelly Jr., ["Kelly"], a state inmate, on July 13, 2004.  In this complaint, Kelly challenges the classification level assigned to him by correctional officials and seeks a less restrictive custody classification.  The court recently ascertained that Kelly had been released from the custody of the Alabama Department of Corrections and, therefore, no longer resided at the last address he had provided for service.

The order of procedure entered in this case directs the plaintiff to immediately inform the court of any new address as such is essential to the progression of this case. *See Order of July 20, 2004 - Court Document No. 4* at 4.  Since Kelly failed to comply with this directive, the court entered an order requiring that on or before April 5, 2006 he inform this court of his present address.  *See Order of March 28, 2006 - Court Document No. 42*.  The

court specifically cautioned Kelly that failure to comply with such order would result in a recommendation that this case be dismissed. *Id.* The time allowed Kelly for filing a response has expired and he has filed nothing in response to the aforementioned order. Moreover, because Kelly is no longer incarcerated in the Alabama prison system his claim for relief is now moot. *See County of Los Angeles v. Davis*, 440 U.S. 625 (1979); *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974); *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985). In a case such as this where the only relief requested is injunctive in nature, events which occur subsequent to the filing of the complaint can render the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy). The court therefore concludes that this case is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice as the claim for relief is moot.

It is further

ORDERED that on or before April 25, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 12th day of April, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE